## CHARLES ZELLNER et al. v. STATE.

No. A.-7515.  Opinion Filed Dec. 6, 1930.
(293 Pac. 1115.)

Marvin Shilling, for plaintiffs in error.

The Attorney General, for the State.

CHAPPELL, J.  The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Carter county of the crime of unlawful possession of a still, and the punishment of the defendant Charles Zellner fixed by the jury at a fine of $100 and imprisonment in the county jail for 30 days, and the punishment of the defendant J. W. Bearden fixed by the jury at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The evidence of the state was that the officers knew where this still was located, and went to it in the afternoon as it was getting dark; that the defendant Zellner's 12 year old boy was firing the still and Zellner was sitting on the ground near it, beside his grown son; that when they saw the officers they fled over the bank and escaped; while the officers were emptying out the mash and tearing down the still, the defendant Bearden came to the still.

Defendant Zellner, testifying for himself, admitted that he was at the still; that it belonged to his grown son,

who had escaped from the officers, and that he had known for four or five days where the still was, but claimed he went there looking for his 12 year old boy, who had no business fooling around the still; and that his son told him that he and the defendant Bearden had put the still there. He admitted that he was sitting on the bank watching the still and that he ran when he saw the officers.

Fred Zellner, the 12 year old son of the defendant Charles Zellner, testified that his brother's wife sent him to take a lunch to his brother at the still, and that his father came while he was there.

The defendant contends that this evidence is insufficient to support the verdict of the jury.

This contention is without merit. The cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.